[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The 40 year old plaintiff wife and the 47 year old defendant husband intermarried of August 27, 1981 at Naugatuck, Connecticut. It was the second marriage for each party. No child has been born to the plaintiff since the marriage date but she has a 15-year-old son from her first marriage. The defendant has five children from his first marriage, the youngest of whom is now 18 years of age. The court finds that both parties have resided in Connecticut for at least the twelve months next preceding the date of the filing of the plaintiff's complaint. The court find that the parties' marriage has broken down irretrievably. The court finds that neither party received state assistance. The court enters a decree dissolving the parties' marriage on the ground of irretrievable breakdown. As part of the judgment, the court enters certain orders infra but will first review the history of this marriage.
The plaintiff's formal education consisted of two years of high school. Throughout this marriage the plaintiff worked as a waitress or restaurant office worker except for a period of time at Prudential Bache where she was a broker's assistant.
The plaintiff's demonstrated earning capacity as a waitress ranges from $300 to $500 depending upon the volume of tips received.
The plaintiff was the sole owner of a home located in Naugatuck where the defendant and shrived after their marriage. At the end of 1985, this house was sold and the $50,000 net proceeds were used to purchase and fixture a home located in Watertown acquired for $144,900, mortgaged for $110,000. The parties thereafter installed a pool with borrowed funds that now has an $8,000 balance with payments now in arrears. The defendant transferred his interest in the Watertown house to the plaintiff Pursuant to an agreement dated April 16, 1991 which was filed in the clerk's office on April 29, 1991. It remained in the file until the trial. The plaintiff subsequently repudiated the agreement prior to trial. Her counsel stated at trial that his client made the agreement contrary to his advice and that he was not now recommending it to the court. The attorney for the defendant said the court could view the said agreement as constituting the defendant's claims for relief.
The court does not consider the parties' agreement. In cases such as this one where counsel for both parties are not recommending the agreement to the court as an equitable settlement, the court will not consider the agreement, 46b-66, CT Page 9313 Connecticut General Statutes. Both parties must join in the submission of an agreement to the court before the court is obliged to determine if it is fair and equitable, Monroe v. Monroe, 177 Conn. 173; Jackson v. Jackson, 2 Conn. App. 179-187.
The Watertown house has been on the market since February, 1991 but remains unsold.
The defendant engaged in several episodes of physical violence directed at the plaintiff, resulting in his arrest on several occasions. The parties separated once yearly, sometimes for weeks at a time. Many of the episodes of violence and separations were related to excessive alcohol consumption by both parties. The plaintiff began an action for dissolution by summons dated June 3, 1985 (FA 072808) which was withdrawn on August 13, 1985 after the defendant had filed a cross-complaint on June 27, 1985. The plaintiff commenced a second action for dissolution by summons dated April 28, 1986 which was dismissed on April 24, 1987. The defendant commented a dissolution action by summons dated April 4, 1989 in which the present plaintiff filed a counterclaim on April 5, 1990. The action was dismissed at counsel's request on April 20, 1990 because the parties were attempting a reconciliation. The parties' final separation occurred in April, 1991.
The plaintiff admitted the marriage was unstable from its inception. The defendant admitted it was never a stable relationship which he attributed to their being "two sick people". The court concludes that this marriage was dysfunctional and always unstable. The court cannot and does not condone the defendant's acts of physical abuse visited upon the plaintiff. Although the defendant stopped consuming alcohol in July, 1985, at least one episode of severe physical abuse of plaintiff occurred after that month. The plaintiff never stopped drinking to excess and admitted on the witness stand that she didn't always know when "to keep my mouth shut".
The defendant is currently a Deputy Chief of the City of Waterbury Fire Department averaging $1,278.43 weekly gross. His disposable net is difficult to determine for he is claiming zero exemptions on the IRS W-4 form, is having $89.48 deferred comp. and $160 savings deducted along with other deductions as shown on his financial affidavit. Through the first 36 weeks of 1991 the defendant has gross wages of $55,273.13 including a retro union contract payment of over $10,000. His current base gross weekly without overtime is $1,092.50. Although the defendant had also been a builder for a short time, the court finds such voluntary activity to be an addition to his full time employment. CT Page 9314
Having considered the evidence in light of the statutory criteria, the court enters the following orders.
1. The plaintiff shall retain the real estate known as 98 Warwick Road Watertown, Connecticut as her sole property and shall be solely responsible for the remaining mortgage balance.
2. The plaintiff shall retain the contents of said house.
3. The plaintiff shall be maintained by defendant at his expense on defendant's medical insurance for the maximum time permitter or until her sooner remarriage or cohabitation. Any uninsured bill balances or deductibles shall by plaintiff's sole responsibility. This order is subject to 46b-84(c) Connecticut General Statutes.
4. The medical reimbursement checks presently being held by defendant or to be received by defendant for plaintiff's medical bills shall be delivered to the plaintiff if received and immediately upon future receipt.
5. The plaintiff is awarded the sum of $5,000 as an initial payment of periodic alimony payable on November 29, 1991 and for the subsequent 103 weeks payments by the defendant of $250 each as periodic alimony are awarded to the plaintiff. The alimony shall sooner terminate on the remarriage of the plaintiff or death of either party. This order is nonmodifiable as to term and is ordered to be secured by a wage withholding as required by52-362, Connecticut General Statutes.
6. The plaintiff is awarded an allowance to prosecute of $2,500 payable on or before January 10, 1991.
Counsel for the plaintiff shall prepare the judgment file.
HARRIGAN, J.